UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LINDSAY DYDA, | Case No. 1:24-cv-11147 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | Patricia T. Morris<br>United States Magistrate Judge |
| FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, U.S. DEPARTMENT OF TRANSPORTATION, MICHIGAN SECRETARY OF STATE, and DEPARTMENT OF MOTOR VEHICLE, | |
| *Defendants.* | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's claims under Title VII of the Civil Rights of 1964, the Fifth Amendment of the United States Constitution, and 18 U.S.C. §§ 242, 245 be dismissed *sua sponte*. It is **FURTHER RECOMMENDED** that Defendants Federal Motor Carrier Safety Administration and the U.S. Department of Transportation be **DISMISSED** *sua sponte*.

1

If this recommendation is adopted, Plaintiff's only remaining claim will be her First Amendment right to freedom of religion cause of action, and the only remaining parties will be Defendants Michigan Secretary of State and Department of Motor Vehicle.

## II. REPORT

### A. Introduction and Background

This case involves the denial of a Commercial Driver License ("CDL") permit due to Plaintiff Dyda's inability to furnish a social security number. (ECF No. 1, PageID.12).

On March 27, 2024, Dyda visited the Michigan Secretary of State's ("SOS") office to obtain her CDL permit after successfully completing the required online examinations and the Department of Transportation's physical examination. (*Id.*). During her visit, she provided the SOS with a religious exemption letter from the Social Security Administration ("SSA") explaining that she was "ineligible for a Social Security Number or card" due to her religious beliefs. (*Id.* at PageID.19). Although Dyda completed the initial requirements and provided her SSA exemption letter, the SOS refused to accept her religious exemption letter and in turn refused to issue her a permit. (*Id.* at PageID.12). The SOS explained that (i) Dyda "was required to obtain a Social Security number [i]n order to be issued a commercial [driver's] license"; (ii) her SSA religious exemption letter was "insignificant"; and

(iii) Policy 383.73(g)[1] prohibits them from issuing her the commercial driver's license without a social security number. (*Id.*).

Dyda undertook additional research in the matter and located a Guidance Q&A published by the United States Department of Transportation – Federal Motor Carrier Safety Administration on Section 391.21 which reads:

> Question 4: Must a driver's application for employment include a social security number (SSN), as required by section 391.21(b)(2), if the applicant has religious objections to the SSN and the Social Security Administration does not require him or her to hold such a number.
>
> Guidance: No.

(*Id.* at PageID.12, 14). Dyda advised Josie Tabor, Lead Worker at the CDL Help Desk for the Michigan Department of State, of the guidance but Tabor replied that the information highlighted by Dyda did not apply to the situation at hand. (*Id.* at PageID.12).

Dyda alleges that the amount in controversy surpasses the $75,000 threshold amount because of "[t]ime of lost wages, from being unable to work for Newry Company as of March 28th, 2024 which would be 60 [hours] per week [at] 30.00 an hour." (*Id.*).

---

[1] It appears Plaintiff is referring to 49 C.F.R. § 383.73(g): State Procedures – Social Security Number verification. (2011).

Dyda filed the instant Complaint alleging violation of her First Amendment right to freedom of religion and Fifth Amendment right. (*Id.* at PageID.10). She also alleges violation of Title VII of the Civil Rights of 1964, 18 U.S.C. § 242, and 18 U.S.C. § 245. (*Id.*). Therein, she seeks injunctive relief in the form of an order directing that she be issued a commercial driver's license. (*Id.* at PageID.12–13).

**B. Legal Standard**

Dyda proceeds IFP, subjecting her claims to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1982, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016). This power ensures that indigent individuals have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

However, Congress recognized that "a litigation whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure which permits the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any action which is frivolous or malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the fact of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that the complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**C. Analysis**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In civil actions, Congress has granted the courts jurisdiction over two types of disputes. First, federal courts have "diversity jurisdiction" over any suit between citizens of different states where the amount in controversy exceeds $75,000. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)); 28 U.S.C. § 1332(a)(1) (2018). And second, federal courts have subject matter jurisdiction over any suit that raises a "federal question." 28 U.S.C. § 1331 (2018). That is, the suit must either (1) "arise[] under" a federal law "that creates the cause of action" or (2) "necessarily turn[] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9 (1983); *Am. Well Works v. Layne*, 241 U.S. 257, 260 (1916).

The party asserting jurisdiction bears the burden of establishing its existence. *Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007); *see Jerome-Duncan, Inc.*, 176 F.3d at 907. And that burden begins the moment that party invokes the court's jurisdiction by filing a complaint. Federal Rule of Civil Procedure 8(a)(1) requires all complaints to include a "short and plain statement of the grounds for the court's jurisdiction."

### 1. Diversity Jurisdiction

Although Dyda affirmatively represented that the basis for her action was due to the presence of a federal question, another section of her complaint suggests that she contends the Court holds diversity jurisdiction over the matter. (ECF No. 1, PageID.9–10). However, the Court does not. For diversity jurisdiction to apply, there must be complete diversity among the parties, meaning that no plaintiff may be domiciled in the same state as any defendant. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). But Dyda identifies the Michigan Secretary of State as a party and thus there is not complete diversity among the parties. (ECF No. 1, PageID.11).

Further, to state a "short and plain statement of the grounds for" diversity jurisdiction, a plaintiff must "distinctly and affirmatively" allege each party's citizenship. 15A Moore's Federal Practice–Civil § 102.31 (Matthew Bender 3d ed. 2023). In essence, a plaintiff must allege that each defendant is a citizen of a particular state, even if they are only able to do so upon information and belief. *Cruz v. Pennsylvania*, 277 F. App'x 160, 162 (3d Cir. 2008); *Riling v. Burlington Northern R. Co.*, 909 F.2d 399, 400–01 (9th Cir. 1990); *see Medical Assur. Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010). Dyda has done nothing of the sort. *Cf. Mayes v. Griffin Hospital*, No. 3:20-cv-1700, 2021 WL 3795335, at *1 (D. Conn. Aug. 26, 2021); *see Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219,

at *1 (2d Cir. Apr. 19, 2022); *Nat'l City Mortg. Co. v. Mortg. Concepts of Indiana, Inc.*, No. 1:07-CV-171 RM, 2007 WL 2155869, at *1 (N.D. Ind. July 24, 2007). And thus she has not stated a "short and plain statement of the grounds for" diversity jurisdiction.

Last, Dyda has failed to allege that there is a sufficient amount in controversy to satisfy 28 U.S.C. § 1332. She states her application was denied on March 28, 2024 and due to the denial, she is suing for lost wages "which would be 60 [hours] per week [at] $30.00 an hour." (ECF No. 1, PageID.12). Her complaint was filed on April 30, 2024, and thus at that point only approximately four weeks had passed. (ECF No. 1). At most, she suffered a loss of $8,000 at that point. She also does not include a request for future lost earnings. Thus, there was not a sufficient amount in controversy to satisfy 28 U.S.C. § 1332.

Accordingly, I suggest that Dyda fails to establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Liberally construed, Dyda's complaint alleges that Defendants violated her First Amendment right to freedom of religion, her Fifth Amendment right, Title VII of the Civil Rights of 1964, 18 U.S.C. § 242, and 18 U.S.C. § 245 by denying her a CDL permit because she was unable to provide a social security number, due to her religious exemption, as required by 49 C.F.R. 383.73(g). (ECF No. 1, PageID.12). The Undersigned recommends that Dyda's First Amendment right to freedom of

8

religion claim should survive the Court's initial review, but her remaining claims should be dismissed as they fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### a. Fifth Amendment

Dyda claims Defendants violated her Fifth Amendment right but provides no explanation or facts as to what right was violated. (ECF No. 1, PageID.12). Is Dyda referring to the right to be free from double jeopardy, due process, or right to travel? The Complaint does not say. The dearth of allegations to provide guidance as to how Dyda's Fifth Amendment right was violated supports the finding that the complaint fails to state a claim for relief.

Further, Dyda's claims do not allege that any defendant acted on behalf of the federal government. (*Id.*). As the Fifth Amendment limits the powers of the federal government, this is another basis under which this claim may be dismissed. *Malloy v. Hogan*, 378 U.S. 1, 26, 84 S. Ct. 1489, 12 L.Ed.2d 653 (1964).

The Undersigned recommends the Court dismiss Dyda's Fifth Amendment claim.

### b. Title VII of the Civil Rights of 1964

Dyda's complaint appears to allege a claim for religious discrimination under Title VII. (ECF No. 1, PageID.12). "Title VII provides that 'it shall be an unlawful employment practice for an *employer*' to discriminate on the basis of race, color,

9

religion, sex, or national origin. A person aggrieved by such discrimination may bring a civil action against the '*employer.*'" *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. §§ 2000e-2(a), 2000e-5(b)) (emphasis added). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* None of the facts contained in Dyda's complaint states that any of the defendants were her employers.

Further, a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"); and (2) receive and act upon the EEOC's statutory notice of the right to sue, commonly referred to as a right-to-sue letter. *Granderson v. Univ. of Michigan*, 211 F. App'x 398, 400 (6th Cir. Dec. 12, 2006). Dyda does not allege that she ever filed an administrative complaint with the EEOC, or that she received an EEOC right-to-sue letter. Thus, without fulfilling these prerequisites, Dyda cannot provide a set of facts that would entitle her to relief under Title VII. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008); *Brown v. Abbott Laboratories*, 90 F. App'x 891, 892 (6th Cir. 2004); *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002) ("Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII [action].").

Thus, the Undersigned recommends the Court dismiss Dyda's Title VII claim.

### c. 18 U.S.C. § 242

"The claims under 18 U.S.C. § 242 . . . fail because § 242 does not give rise to a private right of action." *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002); *Perkins v. Proctor and Gamble Pharm. Co.*, No. 20-1200, 2021 WL 1392996, at *2 (D. Del. Apr. 13, 2021) (citing *Smalls v. Riviera Towers Corp.*, 782 F. App'x 201, 206 (3d Cir. 2019)). "Because Plaintiffs cannot bring criminal charges against Defendants through a private lawsuit, and § 242 does not give rise to a civil cause of action, the claims raised under § 242 are legally frivolous and will be dismissed." *Perkins*, 2021 WL 132996 at *2. So too here, any claims brought under this statute should be dismissed.

### d. 18 U.S.C. § 245

Dyda's claims under 18 U.S.C. § 245 should be dismissed as well as the statute does not give rise to a private right of action or provide a basis upon which relief may be granted. *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, *4 (E.D. Mich. Sept. 24, 2019); *Gilmore-Bey v. Lee*, No. 19-10776, 2020 WL 2395988, at *6 (E.D. Mich. Jan. 10, 2020).

### e. United States Department of Transportation and FMCSA

The complaint contains no allegations as to the United States Department of Transportation. The only allegation in the complaint involving the FMCSA is that

11

their guidance advises that a driver's application for employment is not required to include a social security number as required by Section 391.21 if the "applicant has religious objections to the SSN and the Social Security Administration does not require him or her to hold such a number." (ECF No. 1, PageID.14). Nothing more. Dyda does not describe any actual action taken by FMCSA against her or how their guidance violates federal law or the United States Constitution. Even construing the complaint liberally as Dyda proceeds *pro se*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I suggest that the complaint in its present form does not state a claim under which relief may be granted as to either the United States Department of Transportation or the FMCSA.

Thus, the Undersigned recommends the United States Department of Transportation and the FMCSA be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D. Conclusion

For these reasons, I **RECOMMEND** that Plaintiff's Title VII of the Civil Rights of 1964, Fifth Amendment constitutional violation, and 18 U.S.C. §§ 242 and 245 claims be dismissed *sua sponte*. It is **FURTHER RECOMMENDED** that Defendants Federal Motor Carrier Safety Administration and the United States Department of Transportation be **DISMISSED** *sua sponte*.

If this recommendation is adopted, Plaintiff's only remaining claim will be her First Amendment right to freedom of religion claim, and the only remaining parties will be Defendants Secretary of State and Department of Motor Vehicles.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 8, 2024

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge