UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LINDSAY DYDA, | Case No. 1:24-cv-11147 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| MICHIGAN SECRETARY OF<br>STATE and DEPARTMENT OF<br>MOTOR VEHICLES,[1] | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

**REPORT AND RECOMMENDATION
TO GRANT IN PART DEFENDANT
SECRETARY OF STATE'S MOTION TO DISMISS (ECF No. 14)
AND
TO DENY DEFENDANT SECRETARY OF STATE'S
MOTION TO STRIKE (ECF No. 23) AND CONSTRUE
PLAINTIFF'S OBJECTION (ECF No. 22) AS A REPLY
AND
TO GRANT PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT (ECF No. 18)**

---

[1] Although the Department of Motor Vehicles has been docketed as a separate defendant from the Secretary of State, this appears to be an error. In her complaint, Plaintiff names two defendants: (1) the Federal Motor Carrier Safety Administration and (2) the Michigan Secretary of State. (ECF No. 1, PageID.8). On the provided line, Plaintiff put "Department of Motor Vehicles" as the job or title for the Secretary of State. (*Id.*). Thus, the Department of Motor Vehicles was not named as a defendant in this case, it was instead provided as part of the information for the Secretary of State. Accordingly, the Department of Motor Vehicles should be terminated as a defendant regardless of the Court's ruling on this Report and Recommendation.

1

I.      **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant the Secretary of State's motion to dismiss (ECF No. 14) be **GRANTED IN PART**. It is further recommended that the Secretary of State's motion to strike Plaintiff's filing titled "Objection to ECF No. 21" (ECF No. 23) be **DENIED**, and that Plaintiff's "Objection" (ECF No. 22) instead be **CONSTRUED** as a reply brief in support of her motion for leave to file a first amended complaint. Finally, Plaintiff's motion for leave to file a first amended complaint (ECF No. 18) should be **GRANTED**. If adopted, the Secretary of State should be dismissed as a defendant and service of the first amended complaint should be directed on the new defendants.

II.     **REPORT**

   A.   **Introduction**

Plaintiff filed a *pro se* complaint[2] alleging that her rights under federal law were violated when the Secretary of State refused to issue her a "commercial drivers license permit" ("CDL"). (ECF No. 1, PageID.11–12). The Secretary of State did so because Plaintiff does not have and thus could not provide a social security number. (*Id*. at PageID.12). Instead of providing a social security number, Plaintiff presented the Secretary of State with a religious exemption letter from the Social Security Administration. (*Id*.). However, the Secretary of State maintained that state

---

[2] An attorney has since entered an appearance on Plaintiff's behalf.

2

procedures required an individual to have and provide a social security number to be eligible for a CDL.  (*Id.*).

Plaintiff then conducted research on the issue and discovered a regulation in the Code of Federal Regulations that she believed to be applicable.  (*Id.*).  The relevant regulation concerns applications for employment to drive a commercial motor vehicle.  49 C.F.R. § 391.21.  In pertinent part, this regulation provides that "a person shall not drive a commercial motor vehicle unless he/she has completed and furnished the motor carrier that employs him/her with an application for employment that meets the requirements of paragraph (b) of this section."  49 C.F.R. § 391.21(a).  Paragraph (b) sets forth twelve requirements, the second of which is that an application must contain "[t]he applicant's name, address, date of birth, and *social security number*."  49 C.F.R. § 391.21(b)(2) (emphasis added).  However, the Federal Motor Carrier Safety Administration has provided guidance[3] on this requirement for employers who receive applications from individuals who have religious objections to social security numbers and are not required by the Social Security Administration to have such numbers.  This guidance provides that such individuals are not required to provide a social security number on their employment applications.

---

[3] https://www.fmcsa.dot.gov/registration/commercial-drivers-license/must-drivers-application-employment-include-social-security (last visited April 3, 2025).

Plaintiff sent the guidance regarding 49 C.F.R. § 391.21(b)(2) to Josie Taylor who is the "Lead Worker at the CDL Help Desk for the Michigan Department of State." (*Id.*). Taylor responded that " 'this information does not apply to this situation.' " (*Id.*). Plaintiff then filed the instant lawsuit.

B.    **Pending Motions**

As noted above, there are currently three pending motions in this case: (1) the Secretary of State's motion to dismiss (ECF No. 14); (2) Plaintiff's motion for leave to file a first amended complaint (ECF No. 18); and (3) the Secretary of State's motion to strike (ECF No. 23). The third motion will be addressed now and the first and second motions will be addressed together in a later section.

The Secretary of State's motion to strike is directed at Plaintiff's filing titled, "Objection to ECF No. 21" (ECF No. 22), which the Secretary of State asserts is an unauthorized sur-reply to her reply in support of the motion to dismiss (ECF No. 23, PageID.144–45). However, both the objection and Plaintiff's response to the motion to strike explain that the objection solely addressed the Secretary of State's "merits-based arguments in its reply" and how it was "improper" to make such arguments.[4]

---

[4] Plaintiff also argues that the Secretary of State improperly relies on Federal Rule of Civil Procedure 12(f) in its motion to strike. While Plaintiff is correct that "Rule 12(f) only applies to pleadings," *Stephenson v. Fam. Sols. of Ohio, Inc.*, 499 F. Supp. 3d 467, 475 (N.D. Ohio 2020), a court nonetheless has "the inherent authority to strike non-pleadings in order to manage its docket[,]" *Taylor v. JP Morgan Chase Bank, N.A.*, No. 3:15-CV-509-HBG, 2018 WL 5777497 at *3 (E.D. Tenn. Nov. 2, 2018). Therefore, the Undersigned does not recommend denying the Secretary of State's motion as improper under Rule 12(f).

4

(ECF No. 22, PageID.138).

Plaintiff is correct. The Secretary of State's reply contains two sections. The second section concerns the merits of the motion to dismiss, while the first section is titled, "Amendment of Plaintiff's Complaint is not automatic." (ECF No. 21, PageID.130–31). In the first section, the Secretary of State argues that the motion for leave to amend should be denied because amendment would be futile. (*Id.* at PageID.131). The Secretary of State did not file a separate response to the motion for leave to amend.

Under the circumstances, the Undersigned suggests that the best course of action is for the Court to exercise its discretion by considering the first section of the Secretary of State's reply as a response in opposition to the motion for leave to amend. *See Franke v. Norfolk S. Ry. Co.*, No. 21-3848, 2023 WL 3413919, at *3 (6th Cir. May 12, 2023) (explaining that the Sixth Circuit "follows the general principle that 'a district court has broad discretion to manage its docket.' " (quoting *Am. C.L. Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010))). The Court should then **CONSTRUE** Plaintiff's objection as a reply to the Secretary of State's response. This framework would allow the Court to fully consider this case on its merits. Thus, it is **RECOMMENDED** that the Secretary of State's motion to strike be **DENIED**.

### C. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a court's assessment of jurisdictional issues must precede any evaluation of a claim's merits: once jurisdiction "ceases to exist, the only function remaining to the court is that of announcing" its lack of jurisdiction "and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also Bouye v. Bruce*, 61 F.4th 485, 490 (6th Cir. 2023). Thus, when a defendant moves to dismiss a complaint under both Rule 12(b)(1) and Rule 12(b)(6), the Rule 12(b)(1) challenge must be addressed first because "the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Here, the Secretary of State argues that it is entitled to Eleventh Amendment immunity, which is a jurisdictional argument. *See Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("[R]ather than an affirmative defense, the Eleventh Amendment is a true jurisdictional bar that . . . once raised as a jurisdictional defect, must be decided before the merits").

If a court finds that it has subject matter jurisdiction, it then may consider whether the complaint states a claim under Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure. "[C]ourts must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle

6

it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

### D. Analysis

As a general principle, states have sovereign immunity under the Eleventh Amendment that shields them from lawsuits filed in federal court. *See, e.g.*, *Russell*, 784 F.3d at 1046 ("The sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity."); *see also* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.").

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived

7

its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (internal citation omitted). Further, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71; *see also Owens v. Osbourne*, No. 07-CV-13585, 2009 WL 1508424, at *5 (E.D. Mich. May 29, 2009). In a case such as this one, an individual can only proceed with a federal lawsuit against a state if her claims fall under the "exception to States' sovereign immunity under the doctrine announced in *Ex parte Young*, 209 U.S. 123 (1908)[.]" *Russell*, 784 F.3d at 1046 (citation modified).

In *Ex parte Young*, the Supreme Court held that "a suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). "In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law." *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). In sum,

> [w]hen a State is sued by name in a lawsuit, sovereign immunity bars the lawsuit regardless of whether monetary relief is sought or not; when a State or state official is sued in federal court in a lawsuit filed under state law, sovereign immunity bars the lawsuit regardless of whether monetary relief is sought; and when state officials are sued solely for prospective injunctive relief, sovereign immunity does not apply even if the injunctive relief may affect the state treasury[.]

*Ernst v. Rising*, 427 F.3d 351, 365 (6th Cir. 2005).

In her original complaint, Plaintiff names the "Michigan Secretary of State" as a defendant. The parties appear to agree that this means Plaintiff is suing the Michigan Secretary of State's Office rather than Jocelyn Benson who is currently serving as the Secretary of State. Therefore, Plaintiff's claims against the Michigan Secretary of State's Office are subject to dismissal because they are barred by the Eleventh Amendment. The Undersigned's "inquiry, however, does not end there because, as stated above, Plaintiff filed a motion for leave to file an amended complaint." *Welch v. May*, 735 F. Supp. 3d 859, 865 (N.D. Ohio 2024).

"Under Federal Rule of Civil Procedure 15, a plaintiff may amend a complaint as a matter of course, with the opposing party's written consent, or with the district court's leave to do so." *Id.* Rule 15(a)(2) provides that a "court should freely give leave when justice so requires." *Id.* "However, a motion to amend 'may be denied for futility if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Id.* (quoting *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F. 3d 758, 767 (6th Cir. 2005)).

In her proposed first amended complaint, Plaintiff names the following defendants: (1) the Federal Motor Carrier Safety Administration; (2) the United States Department of Transportation; (3) Jocelyn Benson in her official capacity; and (4) Josette Tabor in her official and personal capacities. (ECF No. 18-1, PageID.102). The proposed claims are as follows: (1) violation of Plaintiff's First

9

Amendment rights against Benson and Tabor; and (2) violation of the Administrative Procedures Act against the Federal Motor Carrier Safety Administration and the United States Department of Transportation. (*Id.* at PageID.109–12). Plaintiff's proposed first amended complaint seeks only declaratory and injunctive relief for her claim that Benson violated her First Amendment rights. (*Id.* at PageID.113).

As explained above, the Secretary of State did not file a response to the motion for leave to amend, but did address the motion in its reply in support of its motion to dismiss. The analysis on this issue is sparse; nonetheless, it is clear that the Secretary of State opposes Plaintiff's motion for leave to amend on futility grounds. The Secretary of State contends that Plaintiff's proposed first "amended complaint repackages the same arguments that she made against the Secretary of State, adding more defendants. The State's defenses, as articulated in its motion to dismiss, nonetheless, still apply." (ECF No. 21, PageID.130–31). This contention is inaccurate. For example, Plaintiff's proposed first amended complaint adds a new cause of action and names Jocelyn Benson rather than the Michigan Secretary of State Office to avoid the jurisdictional bar of the Eleventh Amendment. Thus, it is not merely a repackaging of the original complaint.

The Secretary of State more squarely addresses the Eleventh Amendment issue in its motion to strike. In that motion, the Secretary of State argues that there is no distinction between suing the "Secretary of State" and suing "Jocelyn Benson

in her official capacity." (ECF No. 23, PageID.155–56). While this may be true in other circumstances, it does not reflect an accurate understanding of the *Ex parte Young* exception.

Plaintiff is moving to amend her complaint to name a state official who she alleges has violated her rights under the First Amendment, and "a suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 102. Plaintiff's proposed claim would "seek prospective relief to end a continuing violation of federal law." *Diaz*, 703 F.3d at 964. Thus, denying Plaintiff's motion for the reasons set forth by the Secretary of State would run contrary to precedent.

The proposed first amended complaint names four defendants, none of whom are currently active defendants in this case. While "[a] court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss[,]" *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, No. 2:12-CV-00299, 2013 WL 12373938, at *1 (S.D. Ohio June 10, 2013), the Undersigned suggests that in the absence of the relevant defendants and briefing on the matter, it is not known at this time whether Plaintiff's proposed first amended complaint would survive a motion to dismiss. Accordingly, it is **RECOMMENDED** that the Secretary of State's motion to dismiss be **GRANTED IN PART** to the extent that it requests dismissal of the Michigan Secretary of State's Office as a defendant. It is further

recommended that Plaintiff's motion for leave to file a first amended complaint be **GRANTED**.

### E.     Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court: (1) **GRANT IN PART** the Secretary of State's motion to dismiss (ECF No. 14); (2) **DENY** the Secretary of State's motion to strike Plaintiff's filing titled "Objection to ECF No. 21" (ECF No. 23), and instead **CONSTRUE** Plaintiff's "Objection" (ECF No. 22) as a reply; and (3) **GRANT** Plaintiff's motion for leave to file a first amended complaint (ECF No. 18).

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 8, 2025                                     s/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge