UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LINDSAY DYDA,

          Plaintiff,          Case No. 1:24-cv-11147

v.          Honorable Thomas L. Ludington
          United States District Judge
MICHIGAN SECRETARY OF STATE, *et al.*,

          Honorable Patricia T. Morris
          Defendants.          United States Magistrate Judge
_____/

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION TO STRIKE, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND DENYING MOTION TO DISMISS AS MOOT**

On April 8, 2025, Magistrate Judge Patricia T. Morris issued a report (R&R) recommending that this Court grant in part Defendant Michigan Department of State[1] and Department of Motor Vehicles' (DMV) Motion to Dismiss, deny their Motion to Strike, and grant Plaintiff's Motion for Leave to Amend her Complaint. Neither Party objected to Judge Morris's R&R. For the reasons explained below, Judge Morris's R&R will largely be adopted, Plaintiff's Motion for Leave to File a First Amended Complaint, ECF No. 18, will be granted, Michigan Department of State and DMV's Motion to Strike, ECF No. 23, will be denied, and their Motion to Dismiss, ECF No. 14, will be denied as moot.

I.

Because of her religious beliefs, Plaintiff Lindsay Dyda has no social security number. ECF No. 1 at PageID.19. So in March 2024, when Plaintiff visited a Michigan Department of State

---

[1] Although the case caption mentions the "Michigan Secretary of State," this Court refers to the Defendant as the Department of State to distinguish it from the individual who is Michigan's elected Secretary of State, Jocelyn Benson, who is also discussed below.

Office to obtain her Commercial Driver's License (CDL) and was asked to provide her social security number, she provided a religious-exemption letter from the federal Social Security Administration. *Id.* Yet the Department of State Office "refused to accept her religious [-] exemption letter and in turn refused to issue her a [CDL]." ECF No. 6 at PageID.25 (citing ECF No. 1 at PageID.12).

Plaintiff then researched the issue and discovered a regulation in the Code of Federal Regulations that she believed applied to her circumstances. ECF No. 1 at PageID.12. The relevant regulation concerns applications for employment to drive a commercial motor vehicle. 49 C.F.R. § 391.21. This regulation provides that "a person shall not drive a commercial motor vehicle unless he/she has completed and furnished the motor carrier that employs him/her with an application for employment that meets the requirements of paragraph (b) of this section." 49 C.F.R. § 391.21(a). Paragraph (b) enumerates twelve requirements, the second of which is that an application must contain "[t]he applicant's name, address, date of birth, and *social security number*." 49 C.F.R. § 391.21(b)(2) (emphasis added). But the Federal Motor Carrier Safety Administration (FMCSA) has issued guidance for employers on how this requirement applies to applicants with religious objections to social security numbers. *See* FMCSA, *Guidance Q&A § 391.21 Application for Employment*, https://tinyurl.com/FMCSASec391 (last visited Apr. 28, 2025). The guidance provides that such individuals are not required to provide a social security number on their employment applications. *See id.*

According to Plaintiff, after reviewing this guidance, Plaintiff sent it to Josette Tabor, whom she alleges is the "Lead Worker at the CDL Help Desk for the Michigan Department of State." ECF No. 1 at PageID.12; *see also* ECF No. 18-1 at PageID.103. Tabor allegedly responded that "this information does not apply to this situation." *Id.*

One month later, Plaintiff filed a *pro se* Complaint alleging that the Defendants FMCSA, the U.S. Department of Transportation (DOT), the Michigan Department of State, and the Michigan Department of Motor Vehicles (DMV) violated her First Amendment right to freedom of religion and her Fifth Amendment rights. ECF No. 1 at PageID.10. She also alleged that Defendants violated Title VII of the Civil Rights Act of 1964 and 18 U.S.C. §§ 242, 245. *Id.*

On May 1, 2024, the case was referred to Magistrate Judge Patricia T. Morris. ECF No. 4. Because Plaintiff was proceeding *in forma pauperis*, Judge Morris reviewed the Complaint for immunity, frivolity, and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* ECF No. 6. Judge Morris issued a report (R&R) recommending that Plaintiff's claims brought under Title VII, the Fifth Amendment, and 18 U.S.C. §§ 242, 245 be dismissed, and that Defendants FMCSA and U.S. DOT also be dismissed. *See id.* On July 16, 2024, this Court adopted Judge Morris's R&R, leaving only Plaintiff's First Amendment claims against the Department of State and the DMV. *See* ECF No. 8.

On September 23, 2024, the Michigan Department of State and DMV moved to dismiss Plaintiff's Complaint. ECF No. 14. They argued that they were entitled to Eleventh Amendment sovereign immunity, Plaintiff lacked standing to sue them because they merely enforced federal regulations requiring them to complete Social Security Number verifications, and Plaintiff failed to state a First Amendment claim in the first instance. *See id.* at PageID.83–91.

Shortly after, Plaintiff retained counsel and moved for leave to amend her Complaint. ECF Nos. 17; 18. The proposed amendment seeks to: (1) remove Plaintiff's claims against the Department of State and DMV; (2) reinstate the FMCSA and DOT as defendants; (3) add Michigan Secretary of State Jocelyn Benson, in her official capacity under *Ex Parte Young*, 209 U.S. 123 (1908); and (4) add Michigan Department of State employee Josette Tabor, in both her official and

individual capacities. *See* ECF Nos. 18; 18-1 at PageID.103. The amended complaint would assert an Administrative Procedure Act claim against the FMCSA and DOT, and a First Amendment claim under 42 U.S.C. § 1983 against Benson and Tabor. *See* ECF No. 18-1 at PageID.109–10. And Plaintiffs' proposed amended complaint seeks the following relief: (1) a declaration that her First Amendment rights are being violated on an ongoing basis; (2) a declaration that Benson and Tabor's alleged policy of requiring a Social Security number for issuance of a CLP/CDL, even where a religious exemption has been granted, violates the First Amendment; (3) an injunction barring Benson and Tabor from continuing to deny Plaintiff a CLP/CDL; (4) damages, including punitive damages, against Tabor in her personal capacity; and (5) a judgment setting aside 49 C.F.R. § 383.73 as arbitrary, capricious, contrary to law, or otherwise unconstitutional to the extent it requires a social security number despite a religious exemption. *See id.* at PageID.112–15.

After moving for leave to amend her Complaint, Plaintiff responded to the Motion to Dismiss, arguing that if leave to amend was granted, the amended complaint would moot the Motion to Dismiss. ECF No. 19. Following Plaintiff's Response, Michigan's Department of State and DMV filed a reply that included a section concerning Plaintiff's Motion to Amend. *See* ECF No. 21. Plaintiff objected to that section. ECF No. 22. Plaintiff contended that because the Department of State—"as an agency"—would not be a party to the amended complaint and was entitled to Eleventh Amendment immunity, it "lack[ed] standing to oppose motion to amend." ECF No. 22 at PageID.139–40. After that, the Department of State moved to strike Plaintiff's Objection, arguing that it was an improper sur-reply to its Reply. *See* ECF No. 23.

On April 8, 2024, Judge Morris issued another R&R concerning the Department of State and DMV's Motion to Dismiss, ECF No. 14, their Motion to Strike, ECF No. 23, and Plaintiff's Motion for Leave to Amend, ECF No. 19. *See* ECF No. 25. At the outset, Judge Morris

recommended denying the Motion to Strike. *See id.* at PageID.170–71. Because the Department of State's Reply contained two sections addressing different motions rather than two separate briefs, Judge Morris recommended construing one section as a response to Plaintiff's Motion for Leave to Amend, and Plaintiff's Objection as a reply to that response. *Id.* at PageID.171 (citing *Franke v. Norfolk S. Ry. Co.*, No. 21-3848, 2023 WL 3413919, at *3 (6th Cir. May 12, 2023)). In so doing, there would be no need to strike Plaintiff's Objection because it would not be a sur-reply as the Department of State contended. *See id.*

Next, Judge Morris recommended granting Plaintiff's Motion for Leave to Amend her Complaint and granting in part the Motion to Dismiss the initial Complaint. *Id.* at PageID.173–78. Specifically, Judge Morris concluded that Plaintiff's claims against the Department of State and its ancillary agency, the DMV, are barred by the Eleventh Amendment. *See id.* at PageID.175. But Judge Morris then found that Plaintiff's proposed amended complaint rectified this issue by suing Jocelyn Benson as the official enforcing the allegedly unconstitutional action under *Ex Parte Young*, 209 U.S. 123 (1908). *See id.* at PageID.176–77. And because "in the absence of the relevant defendants and briefing on the matter, it is not" obvious that "Plaintiff's proposed first amended complaint would" not "survive a motion to dismiss," the R&R recommended allowing Plaintiff to amend her Complaint and granting Michigan's Department of State and DMV's Motion to Dismiss "to the extent that it requests dismissal of the" agencies as defendants. *See id.* at PageID.177–78.

Judge Morris gave the Parties fourteen days to object to the R&R. *See id.* at PageID.178–79. But neither Party objected, so they forfeited their right to appeal its findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Nonetheless, the R&R will be slightly modified. *See* FED. R. CIV. P. 72. To be sure, the R&R's analysis regarding the Motion to Strike, Eleventh Amendment immunity, and Plaintiff's

Motions for Leave to Amend is sound, and this Court will adopt the R&R's recommendation to deny the Motion to Strike, ECF No. 23, and grant the Motion for Leave to Amend, ECF No. 18. But the R&R's recommendation on the Department of State and DMV's Motion to Dismiss Plaintiff's initial Complaint will be revised. Specifically, because this Court will grant Plaintiff leave to amend her Complaint, the forthcoming amended complaint will moot the Department of State and DMV's Motion to Dismiss. *See Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (observing "an amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot" (cleaned up)); *see also Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading)). Thus, rather than granting the Motion to Dismiss in part, as the R&R recommends, the Motion to Dismiss the original Complaint, ECF No. 14, will be denied as moot.

## II.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 25, is **ADOPTED IN PART** to the extent it recommends denying Michigan Department of State and Department of Motor Vehicles' Motion to Strike and granting Plaintiff's Motion for Leave to Amend her Complaint.

Further, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 25, is **OVERRULED IN PART** to the extent it recommends granting in part the Michigan Department of State and Department of Motor Vehicles' Motion to Dismiss rather than denying it as moot.

Further, it is **ORDERED** that Plaintiff's Motion for Leave to Amend her Complaint, ECF No. 18, is **GRANTED**.

Further, it is **ORDERED** that the Michigan Department of State and Department of Motor Vehicles' Motion to Strike, ECF No. 23, is **DENIED**.

Further, it is **ORDERED** that the Michigan Department of State and Department of Motor Vehicles' Motion to Dismiss, ECF No. 14, is **DENIED AS MOOT**.

**This is not a final order in the above-captioned case.**

Dated: May 5, 2025                                         s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge