## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

LINDSAY DYDA,
    Plaintiff,

    v.

FEDERAL MOTOR CARRIER
SAFETY ADMINISTRATION;

UNITED STATES DEPARTMENT
OF TRANSPORTATION;

JOCELYN BENSON,
in her official capacity;

    and

JOSETTE TABOR, in her official
and personal capacities,
    Defendants

_____/

Case No.: 24-cv-11147
Honorable Thomas L. Ludington
Honorable Patricia T. Morris, MJ

**FIRST AMENDED COMPLAINT**

*OUTSIDE LEGAL COUNSEL PLC*
*www.olcplc.com*

## FIRST AMENDED COMPLAINT

    NOW COMES Plaintiff LINDSAY DYDA, by and through counsel, and

as her complaint states as follows:

1

## PARTIES

1.      Plaintiff LINDSAY DYDA is and was, at all times relevant, a resident of Sanilac County in the State of Michigan.

2.      Defendant FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION is a federal agency whose regulations are subject to review by federal courts pursuant to the Administrative Procedures Act.

3.      Defendant UNITED STATES DEPARTMENT OF TRANSPORTATION is a federal department whose regulations are subject to review by federal courts pursuant to the Administrative Procedures Act.

4.      Defendant JOCELYN BENSON is the Michigan Secretary of State and is sued her official capacity.

5.      Defendant JOSETTE TABOR is an employee with the Michigan Department of State and is sued in her official and personal capacities.

## JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) as this case involves federal questions as well as federal civil rights under 42 U.S.C. § 1983.

2

7.    This case arises under the United States Constitution and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and 5 U.S.C. § 703.

## GENERAL ALLEGATIONS

9.    Plaintiff LINDSAY DYDA holds a sincere and strongly held religious belief regarding social security and being issued a social security number.

10.    A religious exemption for such is available and recognized under federal law or policy. See **Exhibit A**.

11.    While Plaintiff LINDSAY DYDA has all the other hallmarks of modern administrative-state identification that can verify her identity (e.g. **Exhibit C**), she does not have a Social Security Number assigned by the Social Security Administration for religious reasons. **Exhibit B**.

12.    The Social Security Administration has granted Plaintiff LINDSAY DYDA a religious exemption from the requirements of the Social Security Act.

3

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13.    Yet having a strongly held religious belief does not exempt one from having to make a living.

14.    In order to obtain a commercial driver's license (CDL), a person must first obtain a commercial learner's permit or CLP which is the first step toward getting a CDL.

15.    A CDL is an enhanced vehicle driver's license that allows someone to operate commercial grade and commercial rated vehicles, including in interstate commerce.

16.    A CLP is the first step toward getting a CDL by allowing one to practice driving a commercial motor vehicle under the supervision of a licensed CDL holder.

17.    Plaintiff LINDSAY DYDA presented her request for issuance of a CLP/CDL to officials with Office of the Michigan Secretary of State, including Defendant JOSETTE TABOR, with the intention and expressed goal of obtaining the specialized driver's license to make a living.

18.    Plaintiff LINDSAY DYDA passed all the required tests.

19.    Plaintiff LINDSAY DYDA passed the required physical.

4

20. Plaintiff LINDSAY DYDA passed or would pass all background checks regarding her driving record.

21. On information and belief, Plaintiff LINDSAY DYDA meets or could meet all the qualifications for a CLP/CDL sans one – she does not have a social security number for religious reasons.

22. Pursuant to authority delegated by Congress, Defendants FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION and the UNITED STATES DEPARTMENT OF TRANSPORTATION have set standards for states that issue CLPs and CDLs.

23. Pursuant to 49 C.F.R. § 383.73(a)(5), a State must "complete the Social Security Number verification required by [§ 383.73](g)."

24. Pursuant to 49 C.F.R. § 383.73(g), prior to issuing a CLP to a person, a State is mandated inter alia to "*verify*" inter alia the "Social Security Number provided by the applicant with the information on file with the Social Security Administration."

25. On information and belief, Defendant BENSON and TABOR can verify with the Social Security Administration that Plaintiff LINDSAY DYDA

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

has no social security number because of her religious exemption.

26.     However, Section 383.73(g) goes on to provide that "[t]he State is prohibited from issuing, renewing, upgrading, or transferring a CLP or CDL if the Social Security Administration database does not match the applicant-provided data."

27.     Read carefully, Section 383.73(g) seemingly does not require a person to *have* a social security number but only that States need to confirm a match with the information provided by an applicant like Plaintiff LINDSAY DYDA with the information contained in the Social Security Administration database.

28.     As such, a lack of a Social Security Number on religious ground should not and does not fail to the meet the required threshold requirements of Section 383.73.

29.     Despite Plaintiff LINDSAY DYDA's applicant-provided data matching with the information contained in the Social Security Administration database, Defendants BENSON and TABOR refused to process Plaintiff LINDSAY DYDA's request and application for a CLP/CDL.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

30.   Defendant TABOR has previously stated that Defendant FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION has confirmed all applicants must have a social security number prior to issuance of CLP/CDL; Plaintiff doubts this assertion was correctly recounted because such a reading is inconsistent with the plain language of the federal regulation.

31.   Defendants' actions and concerted efforts to refuse to successfully process the request and application is the result of discrimination of Plaintiff LINDSAY DYDA due to the exercise of her religious beliefs.

32.   On or more Defendants, acting jointly or individually, refused to issue the CLP/CDL because they discriminated against her religious beliefs by not accepting the issued religious exemption as duly and already determined by the Social Security Administration.

33.   Under the guidance provided by the Federal Motor Carrier Safety Administration (FMCSA) within the United States Department of Transportation, a Social Security Number is not a mandatory requirement

when a person has a religious exemption. **Exhibit D** (taken from

https://www.fmcsa.dot.gov/registration/commercial-drivers-license/must-

drivers-application-employment-include-social-security).

### COUNT I
### 42 U.S.C. § 1983
### FIRST AMENDMENT VIOLATION
### (AGAINST DEFENDANTS BENSON AND TABOR)

34.    The prior allegations are replead herein.

35.    The First Amendment outlaws the "prohibiting the free exercise of religion."

36.    While States have certain administrative obligations before issuing CLP/CDLs under the federal regulations, a state may not refuse to provide a government required license to operate a commercial vehicle on the basis of a bona fide and recognized religious objection (that has been confirmed and determined by relevant agency, here being the Social Security Administration).

37.    Having an actual Social Security Number is not required by the 49 C.F.R. § 383.73 and Defendants BENSON and TABOR are, in violation of the First Amendment, discriminating against Plaintiff LINDSAY DYDA

even though it could and can match Plaintiff LINDSAY DYDA's applicant-provided data with the information contained in the Social Security Administration database.

38.     By refusing to issue a CLP/CDL because of the religious beliefs and religious exercises of Plaintiff LINDSAY DYDA, Defendants BENSON and TABOR have violated the First Amendment of the United States Constitution.

39.     The actions and/or inactions of Defendants BENSON and TABOR are the result of an established policy, custom, and/or practice.

40.     The conduct of Defendant TABOR was undertaken with complete indifference and wanton disregard to the First Amendment rights of Plaintiff LINDSAY DYDA as protected by the United States Constitution and caused Plaintiff LINDSAY DYDA to suffer damages and losses that are compensable.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9

### COUNT II
### JUDICIAL REVIEW
### ADMINISTRATIVE PROCEDURES ACT
### (AGAINST DEFENDANTS FMCSA and USDOT)

41.    The prior allegations are replead herein.

42.    The Count made under the Administrative Procedure Act (APA) challenges a regulation and/or established policy adopted by Defendants FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION and/or the UNITED STATES DEPARTMENT OF TRANSPORTATION that violates the First Amendment of the United States Constitution.

43.    This Court has the authority to grant declaratory and injunctive relief and to otherwise set aside unlawful agency action under the Declaratory Judgment Act, the APA, and this Court's inherent equitable powers. See 28 U.S.C. § 2201, 2202; 5 U.S.C. §§ 701 et seq.

44.    A court must "hold unlawful and set aside agency action … found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or is otherwise "contrary to [a] constitutional right." 5 U.S.C. § 706(2)(A)-(B).

45.    The relevant portions of 49 C.F.R. § 383.73 regarding the

10

requirements of a Social Security Number is arbitrary, capricious, an abuse of discretion, not in accordance with law, and/or contrary to the First Amendment when a person has secured a religious exemption to having and being issued a Social Security Number by the Social Security Administration.

46. To the extent 49 C.F.R. § 383.73 requires all CLP/CDL applicants to have and verify an actual-issued social security number prior to CLP/CDL issuance, such is an arbitrary and capricious act or policy in violation of the APA.

47. To the extent that Defendants FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION and/or the UNITED STATES DEPARTMENT OF TRANSPORTATION requires by custom or policy that all CLP/CDL applicants to have and verify their social security number prior to CLP/CDL issuance, such is an arbitrary and capricious act or policy in violation of the APA.

**RELIEF REQUESTED**

48. WHEREFORE, Plaintiff LINDSAY DYDA requests the Court:

11

a. Enter a declaration that Plaintiff LINDSAY DYDA's First Amendment Rights are currently, are on an ongoing basis, and have been violated;

b. Enter a declaration that the policy, custom, and practice of Defendants JOCELYN BENSON and JOSETTE TABOR violates the First Amendment to the United States Constitution when requiring a Social Security Number prior to issuing a CLP/CDL when an applicant has secured a religious exemption from having a Social Security Number from the Social Security Administration;

c. Enter an injunction against the ongoing denial of issuance of a CLP/CDL by Defendants BENSON and TABOR that Plaintiff LINDSAY DYDA is entitled to receive.

d. Award damages, including punitive damages, against Defendant TABOR in her personal capacity;

e. Enter an appropriate judgment and/or injunction setting aside the requirement of 49 C.F.R. § 383.73 to the extent

12

it requires a Social Security Number when a person has secured a religious exemption to having and being issued a Social Security Number by the Social Security Administration;

f. Enter an appropriate judgment holding that Defendants FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION and/or the UNITED STATES DEPARTMENT OF TRANSPORTATION violated the APA and the First Amendment by promulgating 49 C.F.R. § 383.73 to the extent it requires a Social Security Number when a person has secured a religious exemption to having and being issued a Social Security Number by the Social Security Administration;

g. Enter an appropriate judgment holding that 49 C.F.R. § 383.73 to the extent it requires a Social Security Number when a person has secured a religious exemption to having and being issued a Social Security Number by the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

565771b6dd1bfb4c

Social Security Administration is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or is otherwise contrary to a constitutional right;

h. Enter an appropriate judgment setting aside that portion of 49 C.F.R. § 383.73 to the extent it requires a Social Security Number when a person has secured a religious exemption to having and being issued a Social Security Number by the Social Security Administration as being in violation of the APA;

i. Award all costs and attorney fees pursuant to 42 U.S.C. § 1988; 28 U.S.C. § 2412; and any other applicable statute or authority; and

j. Provide any other relief this Court deems just and proper.

14

Date: May 6, 2025

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

*Attorney for Plaintiff*